UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

BRANDON WASHINGTON,

      Defendant.

14-CR-215-V
ORDER

      Defendant Brandon Washington is charged with one count of conspiring to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; two counts of distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and seven counts of structuring the deposit and withdrawal of currency to evade reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(1), 5324(a)(3), and 5322(a) and 18 U.S.C. § 2. *See* Docket Item 1.

      On May 13, 2016, Washington filed omnibus motions, including a motion to suppress "electronic eavesdrop and derivative evidence" and a request for a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978). Docket Item 94. On May 18, 2016, the government responded. *See* Docket Item 92. Magistrate Judge H. Kenneth Schroeder, Jr., heard oral argument on July 1, 2016. With Judge Schroeder's permission, and after reviewing additional Title III affidavits, on October 21, 2016, counsel for Washington filed a supplemental affirmation in further support of the motion to suppress and request for a *Franks* hearing. *See* Docket Item 105. The government

then filed a supplemental response on November 9, 2016, Docket Item 106, and Judge Schroeder heard further oral argument on November 14, 2016. On October 19, 2017, Judge Schroeder issued a Report, Recommendation and Order ("R&R"), recommending the denial of the motion to suppress and finding that a *Franks* hearing was not necessary. *See* Docket Item 145.

In support of its motion to suppress, the defendant advanced three legal arguments, each of which Judge Schroeder rejected. *Id*.

First, the defendant argued that the December 10, 2013 eavesdrop application failed to establish necessity for electronic surveillance. Relying on *United States v. Torres*, 901 F.2d 205 (2d Cir.), *cert. denied* 498 U.S. 906 (1990), Judge Schroeder concluded that the sixty-five page affidavit of U.S. Drug Enforcement Administration Special Agent Shane Nastoff described the history of the investigation in sufficient (and indeed great) detail, including the normal investigative techniques that had been used but failed. Judge Schroeder accorded appropriate deference to United States District Judge William M. Skretny's review and acceptance of Special Agent Nastoff's December 10, 2013 affidavit, as well as Judge Skretny's decision to authorize surveillance. Specifically, Judge Schroeder concluded that Judge Skretny had "properly found that conventional investigative techniques had been exhausted and that alternatives to wire interception would be unlikely to succeed or would be too dangerous." Docket Item 145, at 8.

Second, the defendant argued that the failure of the government to disclose prior Title III orders to Judge Skretny in the December 10, 2013 application deprived Judge Skretny of information concerning the defendant and violated the requirements of 18

2

U.S.C. § 2518(1)(e). Judge Schroeder concluded that because neither the March 9, 2007 intercept order nor the April 16, 2007 order concerned the defendant or his co-defendant, there was no legal requirement that the government disclose those orders in its December 10, 2013 application. *See* Docket Item 145, at 12. Moreover, while the May 18, 2007 intercept order was not disclosed in the December 10, 2013 application presented to Judge Skretny, Judge Schroeder concluded that suppression was not warranted for two reasons. First, he noted that the June 15, 2007 order—which expressly described and incorporated parts of the May 18, 2007 order—had been disclosed. For that reason, he found that Judge Skretny was given a "historical thread" that would have led him to the prior May 18, 2007 intercept order had he needed or wanted such information. *Id.* at 17. Judge Schroeder also found the failure to disclose the May 18 order was inadvertent, noting that the government immediately informed Judge Skretny of the omission when the government recognized it and that the historical thread provided by disclosure of the June 15 order belied any claim of an intentional omission. *Id.* at 20.

Finally, Judge Schroeder found that because the omission of the May 18, 2007 intercept order was not material to the finding of probable cause or the necessity for the December 10, 2013 order, the defendant had failed to meet the requirements for a *Franks* hearing. *Id.* at 28.

The deadline for filing objections to the R&R was extended at Washington's request until January 19, 2018. S*ee* Docket Item 157. But Washington still did not object to the R&R, and the time to object has now expired. For that reason, Washington has waived his right to have the Report and Recommendation reviewed. *See* Fed. R.

3

Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see also* Docket Item 145 at 29.

Nevertheless, in its discretion, this Court has carefully reviewed the R&R (Docket Item 145). Based on that review and the absence of any objection, and for the reasons stated in the R&R, this Court adopts the R&R in its entirety. Washington's motion to suppress is DENIED.

SO ORDERED.

Dated: February 20, 2018
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE