UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

BRANDON WASHINGTON,

        Defendant.

14-CR-215
DECISION & ORDER

---

On August 31, 2018, the defendant, Brandon Washington, pleaded guilty to counts 1 and 5 of the indictment charging that he conspired to possess with intent to distribute and conspired to distribute at least 5 kilograms of cocaine, in violation of 18 U.S.C. § 846, and that he structured transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3).  Docket Items 186, 187, and 194.  On April 16, 2019, this Court sentenced Washington to a term of imprisonment of 121 months on count 1 and 60 months on count 5 to be served concurrently, and supervised release for 5 years on count 1 and 3 years on count 5 again to run concurrently.  *See* Docket Items 228 and 230.  Washington has been incarcerated, most recently under the authority of the Federal Bureau of Prisons ("BOP") at FCI Butner Low ("Butner"), for only 18 months of his 121-month sentence.  *See* Docket Item 244 at ¶¶ 3 and 28.  According to the BOP website, Washington's anticipated release date is about seven years away:  May 20, 2027.  *See* Federal Bureau of Prisons (April 22, 2020, 7:00 PM), https://www.bop.gov/inmateloc/.

On April 15, 2020, Washington brought a motion for his immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194.  *See* Docket Items 244 and 247.  He argued that his continued confinement in the wake of the COVID-19 pandemic and in light of his medical vulnerabilities poses a serious threat to his health and safety.  The government opposed Washington's motion on April 20 and 21, 2020.  Docket Items 251 and 252.  Washington replied on April 21, 2020, Docket Item 253, and the Court heard argument from both parties the next day.  Because Washington provided no medical evidence that he is at high risk with respect to COVID-19, and because he had served very little of his sentence, this Court denied his motion without prejudice.  The Court now writes to explain its decision.

## DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Ogarro*, 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020) (Sullivan, *J.*) (quoting *United States v. Roberts*, 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020)).  Section 3582(c)(1)(A) provides one such statutory exception, often referred to as "compassionate release."  Under 18 U.S.C. § 3582(c)(1)(A)(i),

> [a sentencing] court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* The relevant policy statement, Guidelines section 1B1.13, in turn provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A),[1] the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)  (A) Extraordinary and compelling reasons warrant the reduction; or
>
>    (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

*Id.* "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

Accordingly, to obtain relief under section 3582(c)(1)(A)(i), Washington must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, (3) he is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a).

---

[1] Until passage of the First Step Act, only the BOP could bring a motion for compassionate release. Section 1B1.13 consequently "is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). "[It] is, nonetheless, helpful in defining a vague standard" because "[t]he First Step Act did not revise the substantive criteria for compassionate release." *Id.*

### 1. Exhaustion Requirement

First, courts consider whether the defendant has met section 3582(c)(1)(A)'s exhaustion requirement. To do so, the defendant must show either (a) that he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or (b) that 30 days have lapsed since "the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). There is no dispute that Washington has not fulfilled either requirement.

After receiving a call from Washington's mother, on April 13, 2020, counsel sent a letter to the warden at Butner requesting that Washington be screened for release to home detention. See Docket Item 244 at ¶ 13 and Docket Item 253 at 20-23. Counsel thereafter received a letter from Washington and filed the instant motion on April 15, 2020. See Docket Item 244 at 12-15. In its response, the government asserts that on April 17, 2020, a senior attorney at the Butner Legal Center advised that a request for compassionate release for Washington had not been received. Docket Item 251 at 2. As such, the government maintains that this Court lacks the authority to grant Washington's request. See Docket Item 251.

As this Court found in *United States v. Bess*, section 3582(c)(1)(A)'s exhaustion requirement is nonjurisdictional—that is, a claim-processing rule—and therefore is subject to both forfeiture and waiver. *United States v. Bess*, No. 16-CR-156, 2020 WL1940809, at *3 (W.D.N.Y. Apr. 22, 2020). Moreover, in *Bess* this Court joined Judges Liman, Nathan, and Rakoff in concluding that a defendant's failure to exhaust may be excused as a matter of judicial discretion. *Id.* at *6. This Court found that given the unprecedented health crisis we are facing, the question is whether applying

equitable exceptions to section 3582(c)(1)(A) would be incompatible with Congressional intent.  *Id.* at *7 (internal citations omitted).

> And on that question, this Court agree[d] with Judge Rakoff that "Congress cannot have intended the 30-day waiting period . . . to rigidly apply in the highly unusual situation in which the nation finds itself today."  *Haney*, 2020 WL 1821988, at *3.  The statute was "designed to 'enhance public safety' and 'make[ ] . . . changes to Bureau of Prisons' policies and procedures to ensure prisoner and guard safety and security.'"  *Scparta*, 2020 WL 1910481, at *7 (alteration in original) (quoting H.R. Rep. No. 115-699, at 22 (2018)).  Neither purpose is served by keeping a vulnerable individual incarcerated in precarious conditions that pose risks to not only his own health and safety, but also to the health and safety of the prison staff and the communities to which they return each day.

*Id.*

Accordingly, for the reasons articulated more fully in *Bess*, this Court again concludes that section 3582(c)(1)(A)'s exhaustion requirement is subject to equitable exceptions, including judicial excusal.  Washington's failure to exhaust his administrative remedies is excused and the Court proceeds to consider the merits of his motion for compassionate release.

### 2. Extraordinary and Compelling Reasons

Under section 3582(c)(1)(A), the defendant must demonstrate that "extraordinary and compelling reasons" support his release.  In connection with this requirement, Congress delegated to the United States Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction."  *See* 28 U.S.C. § 994(t).  The commentary to U.S.S.G. § 1B1.13 includes four examples of such circumstances: "Medical Condition of the Defendant";

5

"Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  U.S.S.G. § 1B1.13 cmt. n.1.  At issue here are the first and fourth circumstances.

The medical-condition circumstance applies when:

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease and advanced dementia[; or]

(ii) The defendant is—
    (I) suffering from a serious physical or medical condition,
    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).  And the other-reasons circumstance applies when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," medical conditions, age, or family circumstances.  *Id.* § 1B1.13 cmt. n.1(D).

Washington, who is 36, asserts that he suffers from "bronchial issues" and "asthmatic problems."  *See* Docket Item 244-1 at 13.  In support of this assertion, Washington submits only an affirmation from his mother, Susan McDuffie, who in turn states that as a result of a childhood car accident, Washington suffers from chronic sinus infections that trigger upper respiratory infections and asthma attacks.  Docket Item 247 at ¶ 6.

This Court already has "take[n] judicial notice that, for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions

6

and has increased lethality." *Jones v. Wolf*, No. 20-CV-361, 2020 WL 1643857, at *8 (W.D.N.Y. Apr. 2, 2020) (citations omitted).  Those conditions include "moderate to severe asthma."  *Id.* (quoting *People who are at higher risk for severe illness*, Ctrs. for Disease Control and Prevention (March 31, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https% 3A% 2F% 2Fwww.cdc.gov% 2Fcoronavirus% 2F2019-ncov% 2Fspecific-groups% 2Fhigh-risk-complications.html).  But without any medical evidence or the opinion of a physician, this Court is unable to conclude that Washington falls within that category.  Stated more simply, this Court has no medical evidence upon which to conclude that COVID-19 poses "increased lethality" to Washington.

The Court acknowledges that the conditions at Butner are cause for concern. The BOP has reported 50 confirmed inmate and 27 confirmed staff cases of COVID-19, as well as 5 confirmed inmate deaths, at FCI Butner Medium I; it also has reported 14 confirmed inmate cases at FCI Butner Low.[2]  *See COVID-19 Cases*, Federal Bureau of Prisons (April 20, 2020), https://www.bop.gov/coronavirus.  Counsel and the defendant represent that as of April 13, 2020, Washington was being housed at FCI Butner Low in an "open-dorm unit with 160 people" and "the cubes in which [the inmates'] bunks are set up, are not even 6 feet apart from each other."  *See* Docket Item 244 at 13.  What is more, incarceration in any prison poses the risks that living in any facility with many

---

[2] The BOP currently reports 29 confirmed inmate cases, 18 staff cases, and 5 inmate deaths at FCI Butner Medium and 7 confirmed inmate cases at FCI Butner Low. *See COVID-19 Cases*, Federal Bureau of Prisons (April 23, 2020), https://www.bop.gov/coronavirus.

residents poses today.   But those risks alone do not override the reasons for detention or incarceration.  *See, e.g., United States v. Smalls*, No. 20-CR-126-LTS, 2020 WL1866034 (S.D.N.Y. Apr. 14, 2020).   Therefore, and based on the current record, this Court finds that Washington's generalized claim of asthma, without more, is not a sufficiently extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

### 3. Dangerousness

Third, courts consider whether the defendant is "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  Because this Court has concluded that Washington did not satisfy the second prong, this Court need not address this issue.

### 4. Section 3553(a) Factors

Finally, courts "consider[ ] the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]

. . . [and]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). Although the Court need not address this prong because of its earlier finding, it does so briefly to provide some guidance to the defendant and his counsel.

"[I]n deciding motions for compassionate release, the Court should be wary of using the motion to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences, while still honoring Congress's stated intent of increasing the availability of compassionate release." *Ebbers*, 2020 WL 91399, at *7. For that reason, "in considering the section 3553(a) factors, it should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *Id.*

Here, in sentencing the defendant just over one year ago, this Court determined that the applicable Guidelines range was a sentence of imprisonment of 121 to 151 months, a fine of $15,000 to $10,00,000, and a period of supervised release of 5 years. *See* Docket Item 239. The Court then imposed a sentence of 121 months of imprisonment and 5 years of supervised release. The defendant acknowledges that he has served only a very small portion of his sentence—18 months of his 121-month sentence. Given that fact, the section 3553(a) factors that the Court considered about a year ago would counsel against release so soon—at least without an exceedingly extraordinary and compelling reason to do so.

In any event, the considerable time that the defendant has yet to serve, coupled with the absence of medical documentation showing Washington to be at higher risk, tips the balance and leads the Court to deny his motion.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Washington has not demonstrated an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A) to warrant his immediate compassionate release from BOP custody.  Therefore, Washington's motion for release, Docket Item 244, is DENIED.

SO ORDERED.

Dated:   April 24, 2020
            Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE